17769

James BEARDEN, Respondent, v. Wyndham M. MANNING, Superintendent, South Carolina State Penitentiary, Appellant

(119 S. E. (2d) 670)

188

*Messrs. Daniel R. McLeod, Attorney General,* and *J. C. Coleman, Jr., Assistant Attorney General,* of Columbia, *for Appellant,*

*John A. Mason, Esq.,* of Columbia, *for Respondent,*

April 25, 1961.

LEWIS, Justice.

This is an appeal from an order of the Richland County Court granting respondent's petition in habeas corpus proceedings and ordering his release from the South Carolina State Penitentiary where he is now imprisoned.

The respondent, James Bearden, was convicted of murder in Pickens County, South Carolina, in 1938 and received a sentence of life imprisonment. He was paroled by the Governor on January 2, 1945, during good behavior. This parole was revoked by the Probation, Parole and Pardon Board on August 25, 1949, authority in such matters having been transferred from the Governor to the Board after respondent's parole. *Bearden v. State,* 223 S. C. 211, 74 S. E. (2d) 912. The respondent was paroled by the Board on September 12, 1957, under the provisions of Sec. 55-611 *et seq.* of the 1952 Code of Laws of South Carolina. His last parole was revoked by action of the Board on July 24, 1958 and he has remained in custody of the Superintendent of the South Carolina State Penitentiary since that time pursuant to the last mentioned order.

It will be seen from the foregoing that the respondent has been paroled twice and has had his parole revoked twice,

the first revocation on August 25, 1949 and the second on July 24, 1958, the latter constituting the authority for his present detention in the State Penitentiary.

The only question presented by respondent's petition and considered by the lower Court related to the legality of the revocation of his parole on August 25, 1949. After a hearing in this matter before Honorable John W. Crews, Presiding Judge of the Richland County Court, Judge Crews passed an order holding that the revocation of respondent's parole on August 25, 1949 was illegal, null and void in that respondent was denied certain constitutional rights to a hearing before the Board and ordered his release from custody unless he was being held for some other reason. This appeal is from that order. It was the position of the respondent before the lower Court, and here, that the Board unlawfully revoked his parole in 1949 without granting to him a proper hearing on the charges made against him and that any actions of the Board thereafter were void. The legality of the order of July 24, 1958 under which respondent is presently held in the State Penitentiary is not brought directly in question in this proceeding either in respondent's petition, the order of the lower Court, or in argument on this appeal, but only as it might be affected by a determination of the validity of the order of revocation of 1949.

We do not agree with the contention of the respondent that, assuming the revocation order of 1949 to be invalid, all actions of the Board subsequent to that time in connection with the respondent's parole were necessarily invalid. We agree with the contention of appellant that, even if the revocation of 1949 was illegal and the respondent's resultant imprisonment unjustified, the respondent could not be released from custody unless the subsequent revocation of July 24, 1958 was also illegal for it is undisputed that his dentention is now by virtue of the latter order, the legality of which is not in question here.

The detention of the respondent under the order of 1949 ended on September 12, 1957 when he was again paroled by the Board. A determination of the legality of the order of revocation of 1949 could only determine the status of the respondent subsequent thereto as, either a parolee under the order of the Governor, or under the order of the Board granted pursuant to Sec. 55-611 *et seq., supra;* or, stated differently, whether subsequent charges against him would be considered under the "good behavior" conditions of the pardon by the Governor or under the terms and conditions imposed by the Board under the powers granted to it by the statutes. A decision of this question would not determine respondent's right to a release. Since it would not, the writ of habeas corpus is not available to him in this proceeding. As stated in 25 Am. Jur. 153, Sec. 15 in discussing the availability of the writ of habeas corpus: "The writ is available only when the release of the prisoner will follow as a result of a decision in his favor."

The petition herein is accordingly dismissed and the order directing the release of respondent from custody is reversed.

TAYLOR, C. J., and OXNER, LEGGE and MOSS, JJ., concur.