17983

John D. BOWERS, Appellant, v. STATE of South Carolina and W. M. Manning, Superintendent, South Carolina State Penitentiary, Columbia, South Carolina, Respondents.

(127 S. E. (2d) 881)

*John D. Bowers,* of Columbia, *Appellant, Pro Se.*

*Daniel R. McLeod, Attorney General,* and *Clarence T. Goolsby, Jr., Assistant Attorney General,* of Columbia, *for Respondents,*

October 30, 1962.

TAYLOR, Chief Justice.

This appeal is from an Order of the Honorable John Grimball, dated February 19, 1962, denying Appellant's petition for correction of sentences. Judge Grimball considered the petition as one for writ of habeas corpus and denied it on the grounds that it set forth no basis for the issuance of a writ of habeas corpus.

In October, 1950, Appellant was convicted of murder in the Court of General Sessions in Hampton County and sentenced to life imprisonment by the Honorable Woodrow Lewis. Subsequently, in June, 1961, Appellant was again convicted of murder in the same Court and was sentenced to life imprisonment by the Honorable William L. Rhodes. This second life sentence was directed by Judge Rhodes to run consecutively to the first life sentence. On October 10, 1961, Appellant was again convicted of murder in the same Court and sentenced to life imprisonment by the Honorable Steve C. Griffith, this sentence to run concurrently with the

former life sentences. Appellant did not appeal from either of the convictions or sentences.

On application for writ of habeas corpus after conviction the only inquiry of the Court as a general rule is whether the trial Court had jurisdiction of the petitioner and the offense, whether the judgment or Order and sentence were within the Court's power as authorized by law, and whether the term for which petitioner would be lawfully detained has expired or sentence has otherwise been satisfied, *Fleming et al. v. Manning,* 224 S. C. 497, 80 S. E. (2d) 130.

The only question presented by Appellant in his petition and considered by Judge Grimball was whether it is proper to impose a life sentence which is to run consecutively to a former life sentence. Judge Grimball held this to be an authorized sentence. It is not necessary for the Court to decide this question as a decision in Appellant's favor would not entitle him to his release from the State Penitentiary, where he is serving a life sentence imposed upon him in 1961. The writ of habeas corpus is therefore not available to him, *Bearden v. Manning,* 238 S. C. 187, 119 S. E. (2d) 670.

The petition herein is accordingly dismissed and the Order appealed from affirmed. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.