## 22606. BALKCOM v. CHASTAIN.

MOBLEY, Justice. On March 21, 1964, Lewis Otto Chastain filed a habeas corpus petition in the City Court of Reidsville against R. P. Balkcom, Jr., Warden of the Georgia State Prison. The petition alleged unlawful detention because certain sentences imposed upon petitioner were illegal and because he had served sufficient time to satisfy other lawful sentences imposed against him. His petition stated that he had filed a habeas corpus action on August 9, 1961, to test the legality of sentences imposed in Lee County in 1961, but he did not again question the legality thereof. Respondent filed a general demurrer asserting that the petition failed to state a cause of action since the previous habeas corpus action had terminated adversely to petitioner; thus, he was barred by res judicata from bringing this habeas corpus action. At the hearing on May 18, 1964, the general demurrer was overruled and petitioner's release was ordered. The exception is to that judgment. *Held:*

1. The trial court did not err in overruling respondent's general demurrer. Petitioner previously attacked by habeas corpus the validity of the 1961 Lee County sentences, but the record expressly shows "that he does not raise the question of the

legality of these sentences in this . . . habeas corpus action." Therefore, since he does not seek another adjudication on the same sentences, but clearly states he does not contest those sentences, res judicata is not applicable to bar his contesting other sentences not heretofore questioned.

2. The trial court erred in its judgment ordering the release of the petitioner. Where, as here, the record shows that the prisoner is being held under valid, unexpired sentences (the 1961 Lee County sentences), which are not contested, it shows that petitioner's detention is not unlawful, and release on habeas corpus is not authorized. *Sanders v. Paschal,* 186 Ga. 837 (3) (199 SE 153); *Coleman v. Grimes,* 154 Ga. 852 (115 SE 641); *Code* § 50-116 (6).

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1964—DECIDED SEPTEMBER 28, 1964.

*Eugene Cook, Attorney General, Albert Sidney Johnson, Peyton S. Hawes, Jr., Assistant Attorneys General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General,* for plaintiff in error.

