19718

Robert SWINTON, Appellant, v. STATE of South Carolina et al.,
Respondents

(200 S. E. (2d) 77)

*Henry H. Taylor, Esq.,* of Columbia, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondents,* cite:

*Henry H. Taylor, Esq.,* of Columbia, *for Appellant,* in Reply.

November 1, 1973.

LEWIS, Justice:

Appellant was committed to the South Carolina Department of Corrections on January 10, 1968, under a fifteen (15) year sentence for armed robbery. Shortly after his admittance, he was segregated by the prison officials from the general prison population and placed in restricted confinement, where he has since remained, except for a one day interval in 1970. He filed a petition, dated October 1, 1970,

for *habeas corpus* relief, under which he sought an order releasing him from restricted confinement and readmitting him to the general prison population; or, in the alternative, that he be allowed to engage in some rehabilitative work within the area he is now confined. This appeal is from an order of the lower court denying the foregoing petition.

The petition for *habeas corpus* relief is apparently based upon the assertion that, as a result of arbitrary and capricious action by the prison officials, appellant was physically abused and mistreated and placed in restricted confinement in violation of his constitutional right to due process of law. The denial of the petition was based upon factual findings by the lower court that appellant had not been mistreated as alleged; and that the segregation of appellant from the general prison population constituted a proper exercise of administrative discretion on the part of the prison officials.

Shortly after his admittance to the Department of Corrections in January 1968 appellant was segregated by the prison officials from the general prison population and placed in the Maximum Detention Retraining Center, where inmates are confined who are a disruptive influence and cannot adjust to the prison population. He remained in such restricted confinement until September 1970, when, upon the recommendation of a review board, he was returned to the general prison population. However, he was returned to restricted confinement after one day because of numerous complaints that he was again disrupting prison discipline. He has remained in restricted confinement since that time on what is described as an "administrative segregation basis."

There is no allegation or contention that appellant has been deprived of good time credits. Under this record, the prison officials simply placed appellant in the status of "administrative segregation" because his actions indicated an inability to get along with or adjust to the prison population. Punitive segregation was not imposed.

The record sustains the finding that appellant was of a violent, aggressive nature; that he was not physically abused or mistreated; and that the action of the prison officials, in segregating appellant from the general prison population, was done in good faith to preserve the security, order and discipline of the institution. Such actions are not subject to judicial review. *Sellers v. State,* 259 S. C. 564, 193 S. E. (2d) 513.

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.