## 20696

Rudolph HUNTER, Appellant, v. STATE of South Carolina, Respondent.

(244 S. E. (2d) 530)

*Roy T. Stuckey, Vance L. Cowden* and *John L. Davidson,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Emmet H. Clair* and *Staff Atty. Keith M. Babcock,* Columbia, *for respondent.*

May 22, 1978.

RHODES, Justice:

This is an appeal from an order of the lower court denying the appellant's application for post-conviction relief. As one of the grounds for denying relief, the lower court found the appellant's application, his third in state court, was barred as a "successive" application under the Uniform Post-Conviction Procedure Act, S. C. Code § 17-27-10 (1976) *et seq.* We affirm on the basis of this finding.

On February 24, 1971, the appellant pled guilty to a charge of voluntary manslaughter and was orally sentenced in open court by The Honorable Dan F. Laney, Jr. to 25 years, suspended upon service of 15 years and 5 years probation (hereafter referred to as the 25 year sentence). The accuracy of the above sentence is verified by the records of both the Court Stenographer and Clerk of Court. However, due to a clerical error, the sentence was recorded on the indictment as an unconditional 15 year sentence and signed by Judge Laney. The error was subsequently discovered by the Clerk of Court who sent the indictment to Judge Laney and requested that he correct the sentence on the indictment.

Judge Laney made the correction and returned the indictment to the Clerk of Court who, in turn, notified the Department of Corrections.

In August 1971, the appellant filed the first of three state court post-conviction relief applications. In the first application, the appellant contended his guilty plea had been involuntary and he sought leave to withdraw it. The application was dismissed and no appeal was taken to this Court. In that application, the appellant listed his sentence as 15 years.

The appellant subsequently filed a petition for a writ of *habeas corpus* with the United States District Court, again contending his guilty plea was entered involuntarily. This petition was dismissed for failure to exhaust state remedies with the district court requiring that appellant seek permission from this Court to file a late appeal. However, instead of seeking leave from this Court to docket a late appeal from the denial of the first application, the appellant filed a second post-conviction relief application on August 31, 1973. This second application was dismissed in the lower court and an appeal was noticed. The appeal was dismissed by this Court on January 6, 1975.

It was in the *interim* period between the filing of the first and second applications in state court that the sentence on the indictment was corrected by Judge Laney. Although it is not clear as to when the appellant's records at the Department of Corrections were changed to reflect the actual sentence imposed, the appellant testified at the hearing from which this appeal is taken that he had received a transcript [1] in June of 1973 indicating that he had received a twenty-five year sentence. In the second application which was filed in state court in August 1973, the appellant correctly stated his sentence as 25 years.

---

[1] Although not clear from the appellant's testimony, the transcript referred to by the appellant is presumably the transcript of the guilty plea entered before Judge Laney.

On July 13, 1976, the appellant filed the present application, which sets forth two grounds for relief: (1) The appellant was denied due process of law by Judge Laney's *ex parte* correction of his sentence; and (2), even if the 15 year sentence was a clerical error and could be properly corrected, the corrected sentence is illegal because it violates S. C. Code § 24-21-440.[2] In its return, the State interposed as one of its defenses that the application was barred in that it was "successive".

A hearing on the application was held before The Honorable Joseph R. Moss who ordered that official records be "changed to reflect the actual sentence imposed by Judge Laney". He further held that the appellant's attack on the legality of the 25 year sentence was barred since the present application is "successive".[3]

On the present appeal, the appeal contends that his application is not "successive" and that the 25 year sentence imposed by Judge Laney is illegal in that it exceeds the maximum period of suspension permitted by statute. He has not excepted to the ruling of the lower court correcting the clerical error in recording the sentence.

In arguing that the application cannot be barred, the appellant first questions the constitutionality of pertinent provisions of the Uniform Post-Conviction Procedure Act. This constitutional issue is raised for the first time in the brief of appellant and is not encompassed by any of his exceptions. We do not consider it.

We now address the question of whether the present application is "successive" under the provisions of the Post-Conviction Procedure Act.

---

[2] Section § 24-21-440 provides, in part, that: "The period of probation or suspension of sentence shall not exceed a period of five years . . . ." The appellant contends his sentence was suspended ten years and is a violation of this provision.

[3] Judge Moss also addressed the appellant's contention on its merits holding that the 25 year sentence was not illegal under § 24-21-440. In view of our disposition of this case. we intimate no view as to the correctness of Judge Moss's interpretation of this Code section.

Section 8 of the Act (Code § 17-27-90) provides:

All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

Under Rule 3 of the Post-Conviction Procedure Rules which were promulgated by this Court pursuant to Section 11 of the Act (Code § 17-27-110), it is provided:

Under Section 8 of the Act, successive applications for relief are not to be entertained, and the burden shall be on the applicant to establish that any new ground raised in a subsequent application could not have been raised by him in the previous application.

The appellant alleges his application can not be barred as "successive" since the facts which gave rise to his claim that his sentence is illegal occurred after the first application. He further asserts the second application is not a bar because it was filed at the direction of the federal district court. We find these arguments unconvincing and affirm Judge Moss's determination that appellant has not met the burden placed upon him to show that his present claim could not have been raised in an earlier application.

The reason advanced for not raising his claim in the first application is his ignorance of the imposition of the 25 year sentence, that is, appellant asserts that he thought his sentence was for 15 years. However, appellant was present when Judge Laney pronounced the 25 year sentence and hardly would have been inattentive to words so vital to his self-interest. It would seem that appellant has sought to benefit from the clerical error involved in his sentence and

only after all benefit which could have accrued from the error had been exhausted did he choose to attack the legality of his sentence.

Even were we to accept the appellant's argument that he was not aware of the 25 year sentence until after his first application was filed, he cannot prevail. The appellant contends the second application was at the direction of the federal district court. However, the district court order, as stated in the appellant's brief, required him "to seek permission from the State Supreme Court to have a late appeal" from the dismissal of his first application. This the appellant did not do but rather filed a new application for relief. Prior to filing this second application in August 1973, he admitted he had received a transcript showing his sentence as 25 years. In fact, he should have been aware of any discrepancy prior to this because the State's return to the first application correctly listed the 25 year sentence. More damaging, however, is the fact that appellant listed his sentence in the second application as 25 years. This latter application contained a sworn verification, signed by the appellant, that he knew the contents of the application, that it contained every known ground for relief and that the matters set out were true.

In view of the foregoing, we conclude that the evidence supports the finding of Judge Moss that the appellant has not satisfied his burden of showing that his alleged ground for relief could not have been raised in an earlier application. The appeal is, therefore, dismissed.

Dismissed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.