21073

Niles L. CROWE, Appellant, v. William D. LEEKE, Department of Corrections, The State of South Carolina, Respondents.

(259 S. E. (2d) 614)

*John R. Ferguson,* Clinton, *for Appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *Staff Atty. Betty J. Willoughby,* Columbia, *for Respondents.*

October 25, 1979.

LEWIS, Chief Justice:

The appellant filed an application for Post-Conviction Relief which was denied. Through this appeal, he asserts the hearing judge should have found his constitutional rights were violated by the actions of the Department of Corrections in transferring him within the prison system and downgrading his custody status. We disagree.

In addition to the aforementioned allegations, the appellant's petition contained other allegations which were properly cognizable under the Uniform Post-Conviction Proce-

dures Act. Due to the actions of the parties and the court below, we have construed the appellant's petition with regard to the issues on appeal to be in the nature of a *habeas corpus* proceeding. Viewed otherwise, the hearing judge would have been without authority to consider this matter because a proceeding for the harm asserted by the appellant is not envisioned by the Uniform Post-Conviction Procedures Act.

The record is indicative of the good faith exercise of the discretionary power of the prison officials in the maintenance of order, discipline, and security among the prison population and, as such, is not subject to judicial review. It is void of proof that they acted arbitrarily, capriciously or from personal bias. or prejudice. *See Sellers v. State,* 259 S. C. 564, 193 S. E. (2d) 513 (1972) ; *Swinton v. State,* 261 S. C. 372, 200 S. E. (2d) 77 (1973). On the contrary, the respondent's determinations concerned routine administrative actions that were accomplished in good faith.

Affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.