## 21686

Samuel TUTT, Appellant, v. STATE of South Carolina, Respondent.
(290 S. E. (2d) 414)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Kathy D. Lindsay,* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondent.*

April 6, 1982.

*Per Curiam:*

Appellant was sentenced to serve fifteen (15) years' imprisonment for armed robbery, assault and battery of a high and aggravated nature, and receiving stolen goods. He is appealing the denial of post-conviction relief after a hearing.

While serving his sentence, appellant was charged with violations of the prison's institutional rules. After a hearing the prison Adjustment Committee transferred appellant to the Maximum Security Center and decreased his time credited for good behavior.

Appellant's application for post-conviction relief contained several allegations, but only one is under consideration in this appeal. He alleged cruel and unusual punishment in his being assigned to the Maximum Security Center, placed in solitary confinement, and denied medical treatment. He sought release from the Center, restoration of good-time lost, and expungement of the violations from his record.

After a hearing the lower court denied post-conviction relief based on several findings. The court dismissed appellant's allegation of cruel and unusual punishment on the ground that an application for post-conviction relief did not give the court jurisdiction to consider questions pertaining to prison living conditions. Appellant argues that the court erred in this ruling. We disagree and affirm the lower court's finding.

The provisions of the Uniform Post-Conviction Procedure Act may be invoked only by someone who is claiming the right to have a sentence vacated, set aside or corrected. Rule 1, Uniform Post-Conviction Procedure Act. Appellant's claim does not pertain to his sentence; therefore, it could not be considered under the Act. *Id.* In addition, this Court has held that under the Post-Conviction Procedure Act a court does not have authority to consider an allegation that an inmate's constitutional rights were violated when the prison authorities transferred him within the prison system and downgraded his custody status. *Crowe v. Leeke,* 273 S. C. 763, 259 S. E. (2d) 614 (1979).

In *Crowe* this Court reviewed the substantive merits of the appellant's allegation. In order to do so, the Court looked at the actions of the parties and the court below and construed the hearing as a habeas corpus proceeding. Here appellant's exception on appeal asserts only that the court erred in not finding jurisdiction under the Post-Con-

viction Procedure Act. Our review of appellant's case is limited to the scope of his exception. *Hunter v. State*, 271 S. C. 48, 244 S. E. (2d) 530 (1978).

We conclude appellant's allegation did not give the lower court jurisdiction under the Uniform Post-Conviction Procedure Act; therefore, we affirm the denial of relief.