21925

Jessie Robert LANCE, Appellant, v. STATE of South Carolina, Respondent.

(303 S. E. (2d) 100)

*Deputy Appellate Defender David W. Carpenter*, of *S. C. Com'n of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Donald J. Zelenka* and *Larry L. Vanderbilt,* Columbia, *for respondent.*

May 12, 1983.

*Per Curiam:*

Over an eighteen-month period, the appellant suffered three convictions of driving a motor vehicle under the influence of intoxicating liquors and two convictions of driving a motor vehicle under a suspended license to drive. He was later adjudicated a habitual traffic offender under the South Carolina Habitual Offender Act, S. C. Code Ann. §§ 56-1-1010 through 1130 (1976), and was ordered not to operate a motor vehicle on the highways of the State for five years. The appellant then filed an application for post-conviction relief and received a hearing where he contested the habitual offender adjudication as well as the traffic offenses which supported it. The hearing judge denied relief, ruling in part that a judgment from a hearing conducted under the Habitual Offender Act could not be contested under the Uniform Post-Conviction Procedure Act. We affirm.

The provisions of the Uniform Post-Conviction Procedure Act, S. C. Code Ann. §§ 17-27-10 through 120 (1976), may be invoked only by one claiming the right to have a sentence from a criminal conviction vacated, set aside or corrected. Rule 1, Uniform Post-Conviction Procedure Act; *Tutt v. State,* 277 S. C. 525, 290 S. E. (2d) 414 (1982). The determination by a circuit judge that a person is a habitual offender is not a criminal conviction, and the consequent loss of the privilege to drive is not a sentence. Loss of the driver's license constitutes no part of the punishment for the underlying traffic offenses; the sanction is civil and not criminal in its nature. *See Parker v. State Highway Department,* 224 S. C. 263, 78 S. E. (2d) 382 (1953). We conclude that a judgment from a hearing conducted under the Habitual Offender Act does not result in a sentence from a criminal conviction and, therefore, cannot be contested under the Post-Conviction Procedure Act.

We have carefully considered the remaining exception argued by appellant and are of the view that no question of

precedential value or error of law appears. It is disposed of under Rule 23 of the Rules of Practice of this Court.

Affirmed.