## 23752

Daniel H. HARRIS, Petitioner v. STATE of South Carolina, Respondent.

(424 S.E. (2d) 509)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling,* of the *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted Sept. 22, 1992; Decided Dec. 7, 1992.

Reh. Den. Jan. 6, 1993.

HARWELL, Chief Justice:

We granted certiorari to review the dismissal of petitioner Daniel H. Harris's (Harris) application for postconviction relief (PCR). Harris alleges that the PCR judge erred in finding that the elimination of his ability to earn work and good behavior credits by the Omnibus Criminal Justice Improvements Act does not violate the *ex post facto* clauses of the United States and South Carolina constitutions. We affirm.

## I. FACTS

Harris pleaded guilty to the February 16, 1971 murder of Betty Bradford and was sentenced to life in prison. At the time Harris committed the offense, prisoners were permitted to accumulate good behavior and work credits. *See* S.C. Code Ann. § 55-8 to -8.1 (1962 & Supp. 1975). In 1986, the legislature enacted the Omnibus Criminal Justice Improvements Act

(OCJIA). Act No. 462, 1986 S.C. Acts 2955. Section 27 of the OCJIA amended former S.C. Code Ann. § 16-3-20 (1985) to prohibit prisoners convicted of murder from receiving work-release credits, good-time credits, or any other credit that would reduce the mandatory life imprisonment required by that subsection. Harris applied for postconviction relief, alleging that the OCJIA is an *ex post facto* law. On May 23, 1991, the PCR judge ruled that there was *no ex post facto* violation because the OCJIA is procedural and Harris suffered no prejudice.

On September 23, 1991 we held that a substantive *ex post facto* violation results from the denial of work credits to prisoners entitled to those credits at the time the offense is committed. See *Elmore v. State*, 305 S.C. 456, 409 S.E. (2d) 337 (1991). We granted Harris's petition for writ of certiorari and directed the parties to fully brief the issue of what prejudice, if any, Harris has incurred.

## II. DISCUSSION

In order for a law to fall within the *ex post facto* prohibition, it must retroactively apply to events occurring before its enactment and must disadvantage the affected offender. *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed. (2d) 351 (1987); *State v. Huiett*, 302 S.C. 169, 394 S.E. (2d) 486 (1990). Harris contends that he is disadvantaged by the OCJIA because the inability to earn work and good behavior credits for his prison record will make him appear less suitable for parole or preferred prison assignments.[1] We disagree.

The factors considered by the Board of Probation, Parole, and Pardon Services (Parole Board) in making its discretionary decision to grant parole are set forth in S.C. Code Ann. § 24-21-640 (Supp. 1991):

The board must carefully consider the record of any prisoner before, during, and after imprisonment, and no such

---

[1] We emphasize that Harris's only alleged disadvantage arises from impairment of his "suitability" for parole and prison assignments rather than his "eligibility." Harris's "eligibility" for parole is determined by statute. *See* S.C. Code Ann. § 24-21-610 (1977) (specifying portion of sentence that must be served before eligible for parole). However, Harris's "suitability" for parole is a discretionary matter determined by the Board of Probation, Parole, and Pardon Services after an extensive review of his record before, during, and after imprisonment. *See* S.C. Code Ann. § 24-21-640 (Supp. 1991).

prisoner may be paroled until it appears to the satisfaction of the board: that the prisoner has shown a disposition to reform; that, in the future, he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors of his imprisonment; that the interest of society will not be impaired thereby; and, that suitable employment has been secured for him. The board must establish written specific criteria for the granting of parole and provisional parole. This criteria must reflect all of the aspects of this section and include a review of a prisoner's disciplinary and other records . . .

Harris asserts that work credits are evidence of productivity and industry, and that their absence from his prison record will negatively affect his future attempts to receive parole. While we agree that work credits may be some evidence of these traits, we cannot say that the absence of work credits from Harris's prison record precludes consideration of his productivity and industry by the Parole Board. Given the comprehensive review required by section 24-21-640, the Parole Board has the duty to garner evidence of Harris's employment history, job training, and stability in the workplace from a variety of sources. Similarly, good behavior credits, though evidence of good conduct, are merely cumulative to information that must be obtained during the mandatory review of Harris's disciplinary records. *See* section 24-21-640. Therefore, because work and good behavior credits are only cumulative indicia of Harris's positive attributes, his parole suitability is not prejudiced by his inability to earn those credits.

Harris also contends that work and good behavior credits affect future prison employment and residential assignments. However, Harris presented no evidence to establish that work or good behavior credits are among the factors considered by the Department of Corrections in making those determinations. *See* South Carolina Department of Corrections, *About Face* (Special classification edition May 1988) (work and good behavior credits are not considered in determining prisoner classification).

We must affirm the PCR judge if there is any probative evidence in the record to support his findings. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989).

The evidence in the record supports the PCR judge's determination that no *ex post facto* violation has occurred because Harris is not disadvantaged by the inability to earn good behavior or work credits. Accordingly, the dismissal of Harris's application for PCR is

Affirmed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.