24119

Ivery SIMMONS, Respondent v. STATE of South Carolina, Petitioner.
(446 S.E. (2d) 436)

Supreme Court

---

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Joseph D. Shine, Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for petitioner.*

*Asst. Appellate Defender Wanda H. Haile,* of *S.C. Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Sept. 22, 1993.

Decided July 5, 1994; Reh. Den. Aug. 10, 1994.

FINNEY, Justice:

We granted certiorari to review the granting of Ivery Simmons's application for Post-Conviction Relief (PCR). We reverse.

Simmons applied for PCR arguing, among other things, that he was wrongly denied work release and his due process rights were violated. Simmons proposed three methods by which he could be granted relief on this allegation. The PCR judge granted one of the remedies, reconsideration of Simmons's application for work release.

The State sought certiorari arguing that: 1) the PCR judge lacked jurisdiction to entertain a claim of wrongful denial of work release because it is not proper matter for PCR, and 2)

Simmons is not entitled to have his denial of work release reconsidered.

The State argues work release is a condition of confinement and that conditions of lawful imprisonment previously have been held by this Court to be an inappropriate claim for PCR. *Tutt v. State*, 277 S.C. 525, 290 S.E. (2d) 414 (1982).

However, conditions of imprisonment have been considered on a discretionary basis in PCR proceedings and by this Court. *See Harris v. State*, — S.C. —, 424 S.E. (2d) 509 (1992) (reviewing work and good behavior credits). Accordingly, we find the PCR judge properly exercised his discretionary jurisdiction in this matter.

Next, the State contends that Simmons does not meet the criteria for work release and is not entitled to reconsideration of the denial of his application. We agree.

South Carolina Department of Corrections (SCDC) Policy 2300.1 provides in pertinent part as follows:

> b. Custody Classification/Detainers: The inmate must . . . not have any "Wanteds" for major offenses pending on his/her case.
>
> d. Prior Facility Records and Community Offenses: . . . If the record and offenses reflect that of an habitual offender, the application will not be given favorable consideration. If an inmate has been committed on more than four occasions in . . . which the sentenced time given was more than ninety (90) days, he/she will be ineligible for consideration. Inmates with numerous convictions which have not resulted in incarceration of more than ninety (90) days will be reviewed on a case-by-case basis.

The SCDC employee who reviewed Simmons's application testified at the PCR hearing that she found a detainer outstanding against him. However, she testified that Simmons was ineligible for work release under subsection (d) because of his extensive prior record.

The PCR judge found SCDC denied Simmons's application because of the detainer. The judge ruled there was ample evidence to support Simmons's claim that he had already been convicted of that charge. Thus, the judge found due process required SCDC to re-process Simmons's application for work

release and make a clear determination of Simmons's character and attitude. We disagree.

We find that Simmons is ineligible for work release under the procedural guidelines established by SCDC. Simmons's record shows numerous instances of passing fraudulent checks or similar charges and he has been incarcerated at least six times for more than ninety days. Clearly, Simmons is ineligible under the procedural guidelines and thus, his due process rights were not violated.

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.