24425

Phillip A. BROWN, Appellant v. Parker EVATT, Commissioner,
South Carolina Department of Corrections, Respondent.

(470 S.E. (2d) 848)

Supreme Court

*Phillip A. Brown,* Bishopville, *pro se, Appellant.*

*Ramon E. Lark, Jr.* and *John J. Fantry, Jr.,* of *Lewis, Rogers & Lark, P.A.,* Columbia, *for Respondent.*

Submitted Feb. 21, 1996.

Decided May 13, 1996.

BURNETT, Justice:

Phillip A. Brown began serving a life sentence for murder and armed robbery in 1982. He escaped from prison in 1983 and 1985. In addition, he attempted escapes in 1990 and 1991. Brown's escapes were major offenses as set forth in the policies of the South Carolina Department of Corrections (SCDC).

As a result of his escape history, Brown was considered to be a maximum security risk and was given an ML5 classification—the highest maximum security and custody classification.

Brown's attempted escape in 1991 occurred on April 1st. He was captured and placed in maximum security that same day. He remained there for approximately 108 days before a reclassification hearing was held, after which he continued to be classified as ML5. As a result, Brown filed a petition for a writ of habeas corpus in the circuit court on July 13, 1992, alleging that Respondent violated his constitutional rights by continuing to classify him as ML5. This action sought $800,000 in actual damages and $800,000 in punitive damages. Brown did not serve and file a summons and complaint, nor did he serve the petition on Respondent.

On January 25, 1993, Brown filed an amendment to the petition for a writ of habeas corpus. It was not served on Respondent. On May 17, 1993, Brown filed a petition for a writ of mandamus with this Court. The Clerk's Office notified the Attorney General's Office that the petition for a writ of mandamus had been filed at which time the Attorney General's Office became aware that a petition for a writ of habeas corpus had been filed in the circuit court. The Attorney General's Office learned that the SCDC had not been served with the petition for a writ of habeas corpus. In fact, the SCDC did not know that the petition had been filed.

On August 19, 1993, Brown served an amendment to the petition for a writ of habeas corpus on Respondent. Respondent filed an answer to the amendment on September 17, 1993. Brown filed another amendment on March 30, 1994. There is no indication in the record that the second amendment was served on Respondent.

Following a number of other motions filed by Brown, Respondent filed a motion for dismissal pursuant to Rule 12(b), SCRCP, for lack of subject matter jurisdiction and for summary judgment under Rule 56, SCRCP. A hearing was held on the motion on July 12, 1994. The circuit court granted Respondent's motion for several reasons. First, the court found that it lacked subject matter jurisdiction because Brown failed to serve and file a summons and complaint as required by Rule 65(f)(1), SCRCP. Nevertheless, the court found that even if it

had jurisdiction, Respondent would be entitled to summary judgment, because South Carolina law does not create a constitutionally protected liberty interest in regard to an inmate's security classification. *Slezak v. Evatt*, 21 F. (3d) 590 (4th Cir. 1994), *cert. denied*, — U.S. —, 115 S.Ct. 235, 130 L.Ed. (2d) 158 (1994).

In addition, the circuit court determined that Brown had failed to overcome the qualified immunity defense raised by Respondent who is a public official. The court found that Respondent was acting within the scope of his employment and Brown had failed to prove that Respondent was guilty of corruption, bad faith, or was influenced by malicious motives. Lastly, the court concluded that the undisputed facts regarding Brown's escape history fully demonstrated that Respondent's decision to maintain Brown on the strictest custody level was within his discretionary authority, was reasonable, and was not actionable. This appeal followed.

## ISSUES

Did the circuit court err in:

I. Determining that it lacked jurisdiction?

II. Determining that there is no constitutionally protected interest in regard to an inmate's security classification?

III. Determining that Brown failed to overcome Respondent's defense of qualified immunity?

## DISCUSSION

### I. *Jurisdiction*

Brown asserts that the circuit court erred in determining that it lacked subject matter jurisdiction. Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 442 S.E. (2d) 598 (1994). Because the circuit court has the power to entertain petitions for writs of habeas corpus, it erred in finding a lack of subject matter jurisdiction over this matter.

Nevertheless, the circuit court did not have *personal* jurisdiction in this matter. The inquiry on habeas corpus is limited to the legality of the prisoner's present detention. *McCall v. State*, 247 S.C. 15, 145 S.E. (2d) 419

(1965). The only remedy which can be granted on habeas corpus is release from custody, whether absolute or conditional. *Id.*

Here, instead of seeking release from custody, Brown was seeking damages for being confined in maximum lockup. Thus, Brown was essentially seeking to file a civil action for damages under the guise of a petition for a writ of habeas corpus. In South Carolina a civil action is commenced by the filing and service of a summons and complaint. Rule 3, SCRCP. A summons is not a mere notice, but a means for giving jurisdiction to the court, and unless it is waived, the court cannot otherwise obtain personal jurisdiction. *Wren v. Johnson,* 62 S.C. 533, 40 S.E. 937 (1902).

Brown admits that he never served and filed a summons and complaint in this matter. Therefore, original jurisdiction was not properly instituted and the circuit court did not have personal jurisdiction over Respondent. Under these circumstances, we conclude that the circuit court correctly dismissed the action by granting summary judgment even though it should have based its decision on the lack of personal jurisdiction instead of the lack of subject matter jurisdiction. *Estate of Corley v. Harring,* 299 S.C. 525, 386 S.E. (2d) 264 (Ct. App. 1989).

## II. *Constitutionally Protected Interest*

Brown contends that the South Carolina security and custody classification system creates constitutionally protected liberty interests. We disagree.

The federal constitution vests no liberty interest in inmates in retaining or receiving any particular security or custody status as long as the challenged conditions or degree of confinement are within the sentence imposed and are not otherwise violative of the Constitution. *Sandin v. Conner,* — U.S. —, 115 S.Ct. 2293, 132 L.Ed. (2d) 418 (1995); *Slezak v. Evatt, supra.* Within these limits, so far as the federal constitution is concerned, the security and custody classification of state prison inmates is a matter for state prison official discretion whose exercise is not subject to federal procedural due process constraints. *Id.*

Nonetheless, a liberty interest in state inmates to retain or attain a particular security or custody classification may be created by state law which places substantive limitations on official discretion. However, even if a state

law regime mandates both a detailed procedural process for making classification decisions and substantive criteria to be used in making those decisions, no constitutionally protected liberty interest is created if under the regime either the primary decisionmaker or any reviewing authority is authorized to override, as a matter of discretion, any classification suggested by application of the prescribed substantive criteria. *Slezak v. Evatt, supra.*

Neither the state statutes which create and define the ■ powers of the SCDC nor SCDC's operational classification regulations create the required liberty interest. Though they provide procedural safeguards and substantive criteria for making base-line classification decisions, these are made only as recommendations that are subject to discretionary review and rejection by higher-level prison officials. Accordingly, Brown has no liberty interest in his security and custody classification.

### III. *Qualified Immunity*

In his petition for a writ of habeas corpus, Brown set forth a claim pursuant to 42 U.S.C.A. § 1983. Brown asserts that the circuit court erred in determining that he failed to overcome the qualified immunity defense raised by Respondent. We disagree.

To prevail on a claim that actions by state officials re- ■ specting a state prison inmate's security and custody classification have violated the inmate's procedural due process rights, the claimant must first establish that he had a protected liberty interest in receiving a new or in retaining a current classification. Next, the claimant must prove that the interest was adversely affected by the state official's actions without the protection of due process guaranteed by the Fourteenth Amendment. *Slezak v. Evatt, supra.*

As previously determined, Brown did not have a lib- ■ erty interest in his security and custody classification. Therefore, the § 1983 claim set forth in his petition for · a writ of habeas corpus fails.

For the foregoing reasons, the decision of the circuit court is

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.