THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 John Glenn, Appellant,
 
 
 
 
 

v.

 
 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 
 
 

Appeal from the Administrative Law Court
John D. McLeod, Administrative Law Court Judge

Unpublished Opinion No. 2011-UP-182
 Submitted April 1, 2011  Filed April 19,
2011    

AFFIRMED

 
 
 
 Jason Paul Peavy, of Columbia, for
 Appellant.
 Christopher D. Florian, of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  John Glenn appeals a dismissal of his grievance appeal
 by the Administrative Law Court (the ALC) for failure to assert a state-created
 liberty or property interest.  Glenn argues he asserted a state-created liberty
 interest because his conviction of possession of marijuana while incarcerated
 resulted in the loss of privileges, reclassification to a more secure status,
 and transfer to a more secure facility.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code
 Ann. § 1-23-610(B) (Supp. 2010) (providing that a review of the ALC's decision
 is "confined to the record" and this court may reverse the decision
 if substantial evidence does not support the ALC's findings are not supported
 by substantial evidence or the ALC's decision is affected by an error of law); Furtick
 v. S.C. Dep't of Corr., 374 S.C. 334, 340, 649 S.E.2d 35, 38 (2007) (holding
 the ALC may summarily dismiss a grievance appeal "where the inmate's
 grievance does not implicate a state-created liberty or property interest"
 (internal quotation marks omitted)); Sullivan v. S.C. Dep't of Corr.,
 355 S.C. 437, 445 n.5, 586 S.E.2d 124, 128 n.5 (2003) ("[S]tate-created
 liberty interests . . . are not necessarily limited to sentence
 credit issues and major disciplinary decisions. . . .  However, . . . these interests will
 generally be limited to freedom from restraint which . . . imposes
 atypical or significant hardship on the inmate in relation to the ordinary
 incidents of prison life." (internal quotation marks omitted)); Al-Shabazz
 v. State, 338 S.C. 354, 381-82, 52 S.E.2d 742, 756-57 (1999) (providing
 that an inmate does not have a state-created liberty interest in a particular custody
 status or location of incarceration (citing Brown v. Evatt, 322 S.C.
 189, 194-95, 470 S.E.2d 848, 851 (1996); Crowe v. Leeke, 273 S.C. 763,
 763-64, 259 S.E.2d 614, 614-15 (1979)); Brown, 322 S.C. at 194-95, 470
 S.E.2d at 851 (holding that an inmate has no state-created liberty interest in
 a particular security status).
AFFIRMED.
FEW, C.J., THOMAS and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.