THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Jeromy Chisolm, Appellant,
v.
South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal From Administrative Law Court
 Ralph K. Anderson, III, Circuit Court
 Judge

Memorandum Opinion No. 2011-MO-036
Submitted December 1, 2011  Filed
 December 12, 2011

AFFIRMED

 
 
 
Jeromy Chisolm, pro se,
 Appellant.
Christopher D. Florian, of S.C. Dept. of
 Corrections, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Jeromy Chisolm was charged
 with fighting without a weapon after an altercation with another inmate after
 which he was transferred to another facility.  He had a grievance hearing and
 was found guilty. During the month of the disciplinary action, Chisolm was not
 allowed to earn good time credits.  Chisolm appealed to the Administrative Law
 Court's (ALC) and the ALC dismissed his appeal for lack of jurisdiction under
 Section 1-23-600(D) of the South Carolina Code (Supp. 2010).
Chisolm
 contends that because his argument on appeal addresses his denial of due
 process in his grievance hearing and not his failure to earn good time credits,
 section 1-23-600(D) does not apply and he is entitled to an appeal.  We affirm pursuant to Rule 220(b)(1), SCACR,
 and the following authorities: S.C. Code Ann. § 1-23-600(D) (Supp. 2010) ("An administrative law judge shall not
 hear an appeal from an inmate in the custody of the Department of Corrections involving the loss of the opportunity to earn sentence-related credits." (emphasis
 added)); Triska v. Dept. of Health & Envtl. Control, 292 S.C. 190,
 194, 355 S.E.2d 531, 533 (1987) (noting that state administrative agencies
 "can only exercise those powers which have been conferred upon it by the
 South Carolina General Assembly"); Crowe v. Leeke, 273 S.C. 763,
 764, 259 S.E.2d 614, 615 (1979) (holding that a transfer within the prison
 system is not subject to judicial review absent a showing that the prison
 officials "acted arbitrarily, capriciously or from personal bias or
 prejudice").   
AFFIRMED.
TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.