**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Travon Simuel, #246568, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2022-000934

————————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

————————

Unpublished Opinion No. 2025-UP-106
Submitted March 20, 2025 – Filed March 26, 2025

————————

**AFFIRMED**

————————

Travon Simuel, pro se.

Christina Catoe Bigelow, of South Carolina Department
of Corrections, of Columbia, for Respondent.

————————

**PER CURIAM:** Travon Simuel, pro se, appeals the Administrative Law Court's (ALC's) order summarily dismissing his appeal of the South Carolina Department of Corrections' (SCDC's) determination that he was a member of a security threat group (STG) after confiscating a book he received through the mail. On appeal, he argues his claim implicated a state-created liberty and property interest; thus, he

was entitled to notice prior to his book being censored and being validated as an STG member. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC properly dismissed Simuel's appeal because whether he was entitled to notice of a particular security classification does not implicate a state-created liberty or property interest. *See Buchanan v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 442 S.C. 393, 401, 899 S.E.2d 600, 605 (Ct. App. 2023), *cert. denied* (Apr. 16, 2024) (explaining this court may reverse or modify the decision of the ALC "only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law"); *Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 171, 886 S.E.2d 671, 674 (2023) ("The ALC may not grant an inmate relief from an erroneous administrative decision by SCDC . . . unless the inmate demonstrates the error deprived him of due process."); *id.* at 169, 886 S.E.2d at 673 ("[A]n inmate must allege the denial of a state-created liberty interest to be entitled to relief for the denial of his due process rights."); *Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest."); *Skipper v. S.C. Dep't of Corr.*, 370 S.C. 267, 274, 633 S.E.2d 910, 914 (Ct. App. 2006) ("[A]n inmate's complaint must encompass an infringement of a liberty interest that imposes an atypical and significant hardship on the inmate to trigger due process guarantees and judicial review."). Simuel contends his due process rights were violated by SCDC classifying him as an STG member without notice; however, inmates do not have a state-created liberty or property interest in a particular security level. *See Brown v. Evatt*, 322 S.C. 189, 194, 470 S.E.2d 848, 851 (1996) ("The federal constitution vests no liberty interest in inmates in retaining or receiving any particular security or custody status as long as the challenged conditions or degree of confinement are within the sentence imposed and are not otherwise violative of the Constitution."); *id.* ("[T]he security and custody classification of state prison inmates is a matter for state prison official discretion whose exercise is not subject to federal procedural due process constraints."); *id.* at 195, 470 S.E.2d at 851 (explaining "[n]either the state statutes which create and define the powers of the SCDC nor SCDC's operational classification regulations create the required liberty interest" in one's security classification).

To the extent Simuel argues his book was not STG material and thus should not have been flagged as such, we hold this issue is not preserved for appellate review because it was not raised to and ruled upon by the ALC or raised in his grievances.

*See Kiawah Resort Assocs. v. S.C. Tax Comm'n*, 318 S.C. 502, 505, 458 S.E.2d 542, 544 (1995) (holding issues not raised to and ruled on by administrative agency will not be addressed on appeal by an appellate court); *Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 324, 785 S.E.2d 600, 611 (Ct. App. 2016) ("An issue that is not raised to an administrative agency is not preserved for appellate review . . . .").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and TURNER and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.